**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**JAN 0 8 2003**

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CATARINO CHAVEZ AND | * |
| MARIA DEL ROSARIO CHAVEZ, | * |
| Individually and As Representative of the | * |
| ESTATE OF MARCOS CHAVEZ, | * |
| DECEASED, | * |
|     Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| PAUL H. GONZALEZ AND | * |
| L. FERNANDEZ TRUCKING | * |
|     Defendants. | * |

CIVIL ACTION No. **B-03-003**

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, for and on behalf of itself and the United States Border Patrol, one of the named cross-defendants in cross-plaintiff's (B & L Fernandez Trucking) herein, represents:

1. The United States Border Patrol has been named a cross-defendant in a civil action now pending in the 138th District Court of Cameron County, Brownsville, State of Texas. The cause is styled: **CATARINO CHAVEZ AND MARIA DEL ROSARIO CHAVEZ, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MARCOS CHAVEZ, DECEASED v. PAUL H. GONZALEZ AND L. FERNANDEZ TRUCKING v. THE ESTATE OF CRISTOBAL RIVERA AND THE UNITED STATES BORDER PATROL**. No trial has yet been had therein. Copies of pleadings on file in the State Court are attached hereto as Exhibit "A".

2.  The cross-plaintiff, B & L Fernandez Trucking alleges various common law tort claims against the United States Border Patrol, for acts and/or omissions occurring on or about March 15, 2001.

3.  The Attorney General has not been served.  According to the Cameron County District Clerk's records, the United States Attorney has not been served.

4.  This cross-complaint arises from a complaint filed in the 138th Judicial District Court in Cameron County (the stle of which is set out in paragraph one herein).  In that complaint, Plaintiffs allege that the Defendant/Cross-Plaintiff committed acts and/or omissions in a negligent manner such as to cause a motor vehicle accident that resulted in the death of Marcos Chavez.

5.  This notice of removal is brought pursuant to the provisions of Title 28, United States Code, Sections 1441, 1442(a) and 1446.

6.  Pursuant to Local Rule 81, copies of the Citation and Petition as well as the docket sheet, pleadings, and orders filed with the State court are attached herewith as Government's Exhibit "A" along with an index of the matters filed and a list of all attorneys of record.

2

WHEREFORE, PREMISES CONSIDERED, Cross-Defendant prays that this matter be removed from the 138th Judicial District Court of Cameron County, Texas, in accordance with 28 U.S.C. 1441, 1442(a) and 1446.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St. #201
Brownsville, Texas 78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## VERIFICATION OF PLEADINGS

I, Nancy L. Masso, Assistant United States Attorney, under penalty of perjury pursuant to *28 U.S.C. §1746*, verily believe that the foregoing facts stated in the Notice of Removal to be true based on information and belief.

NANCY L. MASSO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing copy of the Notice of Removal was mailed via certified mail-return receipt requested on this the *2* day of *JANUARY*, 2003 to the following:

J. Michael Moore
David J. Lumber
Attorneys at Law
Guerra & Moore, Ltd., L.L.P.
4201 N. McColl Road
McAllen, TX 78504
(Counsel for Plaintiffs)

John M. Curney, Jr.
Attorney at Law
Curney, Garcia, Wise & Farmer, P.C.
411 Heimer Road
San Antonio, TX 78232-4854
(Counsel for Defendant/Cross-Plaintiff B & C Fernandez Trucking)

NANCY L. MASSO
Assistant United States Attorney

# GOVERNMENT'S EXHIBIT "A"

## COUNSEL OF RECORD:

J. Michael Moore
David J. Lumber
Attorneys at Law
Guerra & Moore, Ltd., L.L.P.
4201 N. McColl Road
McAllen, TX 78504
(Counsel for Plaintiffs)

John M. Curney, Jr.
Attorney at Law
Curney, Garcia, Wise & Farmer, P.C.
411 Heimer Road
San Antonio, TX 78232-4854
(Counsel for Defendant/Cross-Plaintiff B & L Fernandez Trucking)

Nancy L. Masso
Assistant United States Attorney
600 E. Harrison St. #201
Brownsville, TX 78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

# GOVERNMENT'S EXHIBIT "A" TABLE OF CONTENTS

| <u>Tab</u> | <u>Document/Pleading</u> |
|------|--------------------------|
| 1 | Civil Docket |
| 2 | Plaintiff's Original Petition |
| 3 | State of Texas Citation for Personal Service: **(United States Border Patrol)** (Not Available) |
| 4 | Defendant's Original Answer |
| 5 | Defendant's/Cross-Plaintiff's Original Cross Action |

# Tab 1

Docket Sheet unavailable

# Tab 2

CAUSE NO. _2002-10-3948-B_

| | | |
|---|---|---|
| CATARINO CHAVEZ AND | § | IN THE DISTRICT COURT |
| MARIA DEL ROSARIO CHAVEZ, | § | |
| INDIVIDUALLY, AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF MARCOS CHAVEZ, DECEASED | § | CAMERON COUNTY, TEXAS |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| PAUL H. GONZALEZ AND | § | |
| L. FERNANDEZ TRUCKING | § | |
| Defendants. | § | 138th JUDICIAL DISTRICT |



AURORA DE LA GARZA DIST. CLERK

OCT - 7 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

---

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW CATARINO CHAVEZ AND MARIA DEL ROSARIO CHAVEZ, INDIVIDUALLY, AND AS REPRESENTATIVES OF THE ESTATE OF MARCOS CHAVEZ, DECEASED, Plaintiffs, complaining of and against PAUL H. GONZALEZ AND L. FERNANDEZ TRUCKING, Defendants, and for cause of action would respectfully show to the Court as follows:

### I.

### PARTIES

CATARINO CHAVEZ AND MARIA DEL ROSARIO CHAVEZ, are natural persons residing in Brownsville, Cameron County, Texas. Plaintiffs bring this action on behalf of all those entitled to bring this claim, for the benefit of all, pursuant to Tex. Civ. Prac. & Rem. Code ann. §§ 71.004(a), (b).

Defendant, PAUL H. GONZALEZ, (hereinafter referred to as (Defendant GONZLAEZ)

is an individual residing in Cameron County, Texas, and may be served with process at the following address: 6141 Dock Berry Road, Brownsville, Cameron County, Texas 78521.

Defendant, L. FERNANDEZ D/B/A L. FERNANDEZ TRUCKING, (hereinafter referred to as (Defendant FERNANDEZ TRUCKING) is a Sole Proprietor, and may be served with process at the following address: 330 S. Oklahoma, Brownsville Cameron County, Texas 78521.

## II.

## VENUE

Venue is permissible within Cameron County, Texas, because all or a substantial portion of the acts and/or omissions complained of occurred in Cameron County, Texas. In the alternative, Defendants are residents of Cameron County, Texas.

## III.

When in this Petition it is stated that the Defendants GONZALEZ and/or FERNANDEZ TRUCKING committed any act or omission, it is meant that officers, agents, servants, employees or representatives of said Defendants committed such act or omission with the full authorization and/or ratification of said Defendants, and such act or omission was done in the normal and routine scope of employment by authorized officers, agents, servants, employees or representatives of said Defendants.

## IV.

## FACTS

On March 15, 2001, the Deceased was a passenger in a car driven by Cristobal Rivera. Said vehicle was violently struck by a tractor-trailer driven by Defendant Gonzalez, in the course

Plaintiffs' Original Petition (01-050) Page 2

and scope of his employment with Fernandez Trucking.  Said accident caused the death of Marcos Chavez.

## V.

## NEGLIGENCE

Plaintiffs allege that Defendants were negligent in each of the following particulars, which, alone or in combination, were direct and proximate causes of Plaintiffs' damages:

1) Failure to maintain a proper lookout;

2) Failure timely to apply the brakes to the vehicle;

3) Failure to maintain the vehicle under proper control;

4) Failing to turn the vehicle to the left as a reasonably prudent driver, operator and/or owner should have done, under same or similar circumstances to avoid causing the subject accident in question;

5) Operating his vehicle in a willful and wanton disregard for the safety of persons and property, including the Decedent herein;

6) Driving on the shoulder;

7) Making a left-hand turn while operating said vehicle on the shoulder;

8) Failing to utilize all reasonable safety procedures in operating the subject vehicle and negotiating a left-hand turn;

9) Failure to utilize a turn signal;

10) Failing to yield the right-of-way;

11) Failure to implement safety policies relating to the operation of commercial motor vehicles on public highways;

12) Failure to hire a competent and qualified designated safety person knowledgeable and qualified to train, supervise and operate a trucking business such as Fernandez Trucking;

13) Failure to require drivers to maintain accurate records in the operation of their motor vehicles including, the failure to require drivers, such as Paul H. Gonzalez, to maintain accurate drivers log, trip inspections, and other relevant and statutorily required matters;

14) Failure to test and routinely recheck drivers for their qualifications;

15) Failure to maintain a record of violations for each individual driver;

16) Failure to road test each driver;

17) Failure to conduct a physical in qualifying a driver;

18) Failure to maintaining records of duty status; and

19) Repeated and conscious disregard of local, state and federal laws as promulgated in the Federal Motor Carrier Act and delineated in various parts and subsections of the Federal Motor Carrier Safety Regulations Handbook, copyrighted April 10, 1999, including, but not limited to the foregoing, sections 383.1, 391.11, 391.21, 391.23, 391.25, 391.27, 391.31, 391.33, 391.41, 391.45, 391.51, 395.1(e), 395.1(m), 395.1(n), 395.2, 395.3, 395.8, 395.8(e), 395.8(k), 395.13, 396.3(a), 396.11(a), 396.11(b), 396.11(d), 396.13, 396.15(b), 396.15(c).

Each and all of the foregoing acts and omissions of negligence were a direct proximate cause of the Decedent MARCO CHAVEZ' death, and of the Plaintiffs damages.

## VI.

## NEGLIGENCE *PER SE*

Plaintiffs incorporate by reference the allegations of negligence herein stated. Plaintiffs assert that the above stated conduct constitutes negligence *per se*, pursuant to Tex. Transp. Code § 545, *et seq.*

## VII.

## WRONGFUL DEATH

Plaintiffs, CANTARINO CHAVEZ AND MARIA DEL ROSARIO CHAVEZ, are the

natural parents of Marcos Chavez. Plaintiffs, as representatives of the Estate of Marcos Chavez, bring this wrongful death claim on behalf of the Deceased pursuant to Tex. Civ. Prac. & Rem. Code Ann. §71.002 *et seq.* Plaintiffs assert that but for the wrongful actions of the Defendant GONZALEZ and/or Defendant FERNANDEZ TRUCKING, MARCOS CHAVEZ would have survived and sustained a meaningful life for himself. He has been deprived, prematurely, of his lifetime rewards and benefits to himself and his family because of the Defendants' conduct, for which suit is now brought.

## VIII.

## SURVIVAL ACTION

Plaintiffs further assert that their allegations are actionable pursuant to the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code ann. §71.021 *et seq.*

## IX.

## DAMAGES

The CHAVEZ family has been robbed of the love, affection and support of their son. MARCOS CHAVEZ met his untimely demise because of the negligence of Defendant GONZALEZ and/or Defendant FERNANDEZ TRUCKING. But for the Defendants' conduct, the CHAVEZ family would still be able to enjoy MARCOS CHAVEZ' presence, love and affection.

## X

As a direct and proximate result of the negligent conduct of Defendants GONZALEZ and/or FERNANDEZ TRUCKING, THE ESTATE OF MARCOS CHAVEZ, DECEASED allege these damages to which the Estate is entitled by law, more particularly described as follows,

to wit:

1)   The personal injury, physical pain, suffering and mental anguish suffered by
Decedent, MARCO CHAVEZ, prior to his death;

2)   Loss of earning capacity; and

3)   The reasonable and necessary funeral and burial expenses.

Said damages are within the jurisdictional limits of this Court.

## XI.

As a direct and proximate result of the negligent conduct of Defendants GONZALEZ and

FERNANDEZ TRUCKING, Plaintiffs have suffered substantial injuries and damages to which

they are entitled by law, as follows:

1)   Past and probable future mental anguish;

2)   Past and probable future loss of consortium; and

3)   Past Medical Bills.

Said damages are within the jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited

to appear and answer herein, and that upon final trial of this case, that Plaintiffs have judgment

against the Defendants, jointly and severally, for actual damages, pre- and post-judgment interest

on Plaintiffs recovery at the highest lawful rate, all costs of Court, and that Plaintiffs have such

other and further relief, at law or in equity, to which Plaintiffs may show themselves justly

entitled.

Respectfully submitted,

**GUERRA & MOORE, Ltd., L.L.P.**
4201 North McColl Rd.
McAllen, Texas 78504
Telephone No. (956) 618-3000
Telecopier No. (956) 686-4200

By: _____

J. Michael Moore
State Bar No. 14349550
David J. Lumber
State Bar No. 24002504

# Tab 3

**COPY**

Citation for Personal Service  _- BY CERTIFIED MAIL_   Lit. Seq. # 9.006.01

## No. 2002-10-003948-B

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: UNITED STATES BORDER PATROL
    BY SERVING ITS DISTRICT
    DIRECTOR, E.M. TROMINSKI
    2102 TEEGE AVENUE
    HARLINGEN, TEXAS

the    CROSS DEFENDANT    , GREETING:

You are commanded to appear by filing a written answer to the

DEFENDANT'S/CROSS-PLAINTIFF'S ORIGINAL CROSS ACTION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ CROSS ACTION _____ was filed on NOVEMBER 05, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-10-003948-B.

The style of the case is:

CATARINO CHAVEZ, ET AL
VS.
PAUL H. GONZALEZ AND F. FERNANDEZ TRUCKING

Said petition was filed in said court by _____ HON. JOHN CURNEY, JR.
(Attorney for _____ DEFENDANT _____ ), whose address is
411 HEIMER RD SAN ANTONIO, TEXAS    78232-4854

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 20th day of NOVEMBER , A.D. 2002 .

AURORA DE LA GARZA    , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _____ , Deputy
    Rosa Maria Ochoa

CERTIFICATE OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | I hereby certify that on the <u>20th</u> of |

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

_____
NAME OF PREPARER          TITLE

_____
ADDRESS

_____
CITY          STATE          ZIP

I hereby certify that on the <u>20th</u> of

<u>NOVEMBER   2002</u>,  I mailed to

<u>      UNITED STATES BORDER PATROL      </u>

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO. <u>   6147 1644   </u>
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

<u>   AURORA DE LA GARZA   </u>, District Clerk
Cameron County, Texas

By: _Rosa Maria Ochoa_ , Deputy

**Tab 4**

ꞏLEU ___ᴏᴄʟᴏᴄᴋ ___

AURORA DE LA GARZA DIST. CLE

NOV 0 5 2002

NO. 2002-10-3948-B

| | | |
|---|---|---|
| CATARINO CHAVEZ AND MARIA | § | IN THE DISTRICT COURT |
| DEL ROSARIO CHAVEZ, | § | DISTRICT COURT OF CAMERON COUNTY, TE |
| INDIVIDUALLY, AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF MARCOS CHAVEZ, DECEASED | § | 138TH JUDICIAL DISTRICT |
| | § | |
| V. | § | |
| | § | |
| PAUL H. GONZALEZ AND L. | § | |
| FERNANDEZ TRUCKING | § | OF CAMERON COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

L. FERNANDEZ TRUCKING, hereinafter referred to as Defendant, files this its Defendant's Original Answer to Plaintiff's Original Petition filed herein and in support thereof shows:

1.   Defendant denies each and every, both singularly and when taken together, the allegations set forth in Plaintiff's Original Petition and demands strict proof thereof. Further, and in conjunction with Defendant's rights under the Texas Constitution and the Texas Rules of Civil Procedure, Defendant requests a jury trial regarding this matter.

2.   In the alternative, and without waiving any of the foregoing, Defendant asserts that it is not liable in the capacity in which it has been sued in that Defendant does not do business as "L. Fernandez Trucking" and instead does business as B&L Fernandez Trucking.

3.   In the alternative, and without waiving any of the foregoing, Defendant asserts that there was an emergency situation which arose as a result of this incident and that Defendant was not negligent regarding the same.

4.   In the alternative, and without waiving any of the foregoing, Defendant asserts that Plaintiff was contributorily negligent with regard to this particular matter in allowing the driver of the vehicle in which Plaintiff as a passenger to operate the vehicle knowing that the operator was intoxicated and/or under the influence of drugs.

5.   In the alternative, and without waiving any of the foregoing, Defendant asserts that other individuals were arguably negligent regarding this matter and that those individuals' negligence was an intervening and/or superceding cause regarding this incident.

6.   In the alternative, and without waiving any of the foregoing, Defendant asserts that there was

a new and independent cause of the accident with regard to this matter.

WHEREFORE, Defendant requests that the Court take note of Defendant's Original Answer filed herein, that upon final hearing that the Court grant a take-nothing judgment in favor of Defendant, that Defendant be reimbursed its taxable costs of court and that Defendant be awarded such other  and further relief, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

CURNEY, GARCIA, WISE & FARMER, P.C.
411 Heimer Road
San Antonio, Texas 78232-4854
(210) 377-1990
(210) 377-1065 (facsimile)

_____
John M. Curney, Jr.
State Bar No. 05258600
ATTORNEY FOR DEFENDANT
B&L FERNANDEZ TRUCKING

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following by certified mail, return receipt requested, by FAX, by hand delivery, by regular mail or by Federal Express on the 30 day of July , 2002.

C.M./R.R.R. 70011140000033311342

J. Michael Moore
GUERRA & MOORE, Ltd., L.L.P.
4201 North McColl Road
McAllen, Texas  78504

_____
John M. Curney, Jr.

# Tab 5

NO. 2002-10-3948-B

FILED __ __ __ ___ ___ __ M
AURORA DE LA GARZA DIST. CLERK

NOV 05 2002

| CATARINO CHAVEZ AND MARIA | § | IN THE DISTRICT COURT |
| DEL ROSARIO CHAVEZ, | § | DISTRICT COURT OF CAMERON COUNTY, TEXAS |
| INDIVIDUALLY, AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF MARCOS CHAVEZ, DECEASED | § | 138TH JUDICIAL DISTRICT |
| | § | |
| V. | § | |
| | § | |
| PAUL H. GONZALEZ AND L. | § | |
| FERNANDEZ TRUCKING | § | OF CAMERON COUNTY, TEXAS |

## DEFENDANT'S/CROSS-PLAINTIFF'S ORIGINAL CROSS ACTION

B&L FERNANDEZ TRUCKING, hereinafter referred to as Cross-Plaintiff, files this its Original Cross-Action versus The Estate of CRISTOBAL RIVERA and the UNITED STATES BORDER PATROL, hereinafter collectively referred to as Cross-Defendants, and in support thereof shows:

1.      The Estate of Cristobal Rivera and/or its representative are the representative for Cristobal Rivera, the driver of the vehicle in which Plaintiff was traveling at the time of this particular incident and may be served by serving the representative of the Estate of Cristobal Rivera at 9232 Valle Hermoso, Brownsville, Texas 78521.

2.      The United States Border Patrol is an agency of the United States Government and may be served by serving its District Director, E. M. Trominski, at 2102 Teege Avenue, Harlingen, Texas, by Certified Mail, Return Receipt Requested. The United States Border Patrol shall also be served by delivering a copy of the complaint to the Attorney General of the United States at the Attorney General's Washington office located in Washington, District of Columbia, and the United States Border Patrol shall be served by serving the United States Attorney for the Southern District of Texas at his office located at 1701 W. Bus. Hwy. 83, 8th Floor, McAllen, TX 78501, all to be served by Certified Mail, Return Receipt Requested.

3.      On or about March 15, 2001, at 7:15 a.m., Cristobal Rivera was operating a black 1992 Toyota Camry on FM 511 approximately one half mile north of State Highway 4 in Cameron County, Texas. At that time, Mr. Rivera, traveling at an unreasonably high rate of speed, entered an accident scene and struck a vehicle operated by Paul Gonzalez in the course and scope of his employment with B&L Fernandez Trucking. Immediately before the collision occurred, a

representative of the United States Border Patrol, who had taken responsibility for directing traffic in the area, directed the vehicle owned by B&L Fernandez Trucking onto the active roadway and through the intersection where the prior accident had occurred. Mr. Gonzalez, working in the course and scope of his employment with B&L Fernandez Trucking, and following the directions of law enforcement officers, proceeded into the intersection and was struck by the Camry who entered the intersection at an unreasonably high rate of speed and struck the B&L Fernandez Trucking vehicle in a head-on position. Pursuant to information and belief, it is believed that the Camry had been waved off by a Border Patrol Agent attempting to keep the Camry free of the intersection and that, despite that warning, the Camry entered the area where the accident had occurred and struck the vehicle owned by B&L Fernandez. Accordingly, and by reason of the fact that the B&L Fernandez which was led into the intersection by law enforcement staff working on behalf of the United States government regarding this matter, B&L Fernandez Trucking asserts that Cristobal Rivera, without question, was negligent in entering the intersection at a high rate of speed and when it was dangerous to have done so and that the United States Border Patrol, if it was negligent at all, was negligent in directing the B&L Fernandez truck into the area where the collision occurred in accordance with their obligations as law enforcement officers on the date of this incident.

4.    Consequently, and by reason of the above, Cross-Plaintiff asserts that Cross-Defendants were negligent in one or more of the following particulars, namely:

a.    Cristobal Rivera – Mr. Rivera was negligent in entering the intersection at a high rate of speed and when it was unsafe to have done so and was further negligent in consuming alcoholic beverages and/or drugs or narcotics, thus impairing his ability to make appropriate judgments when operating his motor vehicle on the roadway where this incident occurred. By reason of Cross-Defendant Rivera's negligence, Cross-Plaintiff asserts that Cross-Defendant is responsible for his proportionate share of the liability with regard to this matter and/or, alternatively, that Cross-Defendant Rivera was solely responsible with regard to the cause of this particular accident.

b.    United States Border Patrol – Cross-Plaintiff asserts that the United States Border Patrol was negligent, if at all, in directing the B&L Fernandez truck into the area where the accident occurred and in failing to verify that the intersection was free and clear of other traffic at the time the B&L Fernandez truck was directed into the intersection by the United States Border Patrol. Consequently, and by reason of the negligence of the United States Border Patrol agent responsible

for directing traffic at this particular accident, the United States Border Patrol is responsible for its proportionate share of the liability with regard to this matter.

5.    In accordance with all of the above, Cross-Plaintiff asserts that Cross-Defendants are responsible for their proportionate share of the liability, if any, with regard to this incident and that judgment should be rendered in favor of Cross-Plaintiff versus Cross-Defendants for their proportionate share of the liability in this particular case.

WHEREFORE, Cross-Plaintiff requests that the Court take note of the Cross-Plaintiff's Original Cross-Action versus Cross-Defendant Cristobal Rivera and the United States Border Patrol, and that upon final hearing that the Cross-Defendants be ordered to pay their proportionate share of the damages for which they are responsible regarding this case, that Cross-Plaintiff receive its taxable costs of Court and such other and further relief, at law or in equity, to which Cross-Plaintiff may be justly entitled.

Respectfully submitted,

CURNEY, GARCIA, WISE & FARMER, P.C.
411 Heimer Road
San Antonio, Texas 78232-4854
(210) 377-1990
(210) 377-1065 (facsimile)


John M. Curney, Jr.
State Bar No. 05258600
ATTORNEY FOR DEFENDANT
B&L FERNANDEZ TRUCKING

United States District Court
Southern District of Texas
RECEIVED

## CAUSE NO. 2002-10-3948-B

JAN 0 8 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| CATARINO CHAVEZ AND MARIA | * | IN THE DISTRICT COURT OF |
| DEL ROSARIO CHAVEZ, Individually | * | |
| and as Representative of the | * | |
| ESTATE OF MARCOS CHAVEZ, | * | |
| DECEASED, | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| PAUL H. GONZALEZ AND L. | * | |
| FERNANDEZ TRUCKING | * | |
| Defendants. | * | 138ᵗʰ JUDICIAL DISTRICT |
| | * | |
| B & L FERNANDEZ TRUCKING, | * | |
| Cross-Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| THE ESTATE OF CRISTOBAL RIVERA | * | |
| AND THE UNITED STATES BORDER | * | |
| PATROL, | * | |
| Cross-Defendants. | * | OF CAMERON COUNTY, TEXAS |

FILED ___9:40___ O'CLOCK ___A___ M
AURORA DE LA GARZA DIST. CLERK

JAN 0 8 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## NOTICE OF REMOVAL

TO:    Ms. Aurora De La Garza
       District Clerk, Cameron County
       974 E. Harrison Street
       P. O. Box 3570
       Brownsville, Texas  78523-3570

       J. Michael Moore
       David J. Lumber
       Attorneys at Law
       Guerra & Moore, Ltd., L.L.P.
       4201 N. McColl Road
       McAllen, TX 78504
       (Counsel for Plaintiffs)

       John M. Curney, Jr.
       Attorney at Law
       Curney, Garcia, Wise & Farmer, P.C.
       411 Heimer Road
       San Antonio, TX 78232-4854
       (Counsel for Defendant/Cross-Plaintiff B & L Fernandez Trucking)

You are hereby notified that on the <u>8th</u> day of January 2003, the United States Attorney for the Southern District of Texas, on behalf of the United States Border Patrol, Cross-Defendant named in the Defendant's/Cross-Plaintiff's Original Cross Action, filed in the United States District Court for the Southern District of Texas, Brownsville Division, its Petition for Removal, a copy of which is attached hereto, for the purpose of removing this cause to that Court, and has filed with the District Clerk of Cameron County, Texas, a copy of that Petition thereby removing this litigation.

Pursuant to *28 U.S.C. §1446(d)*, no further proceedings shall be had in State Court in this matter, unless and until the case is remanded.

Respectfully submitted,

MICHAEL T. SHELBY,
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St. #201
Brownsville, Texas 78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing copy of the Notice of Removal was mailed

was mailed certified, return-receipt requested on this the 8th·day of January 2003 to the

following:

J. Michael Moore
David J. Lumber
Attorneys at Law
Guerra & Moore, Ltd., L.L.P.
4201 N. McColl Road
McAllen, TX 78504
(Counsel for Plaintiffs)

John M. Curney, Jr.
Attorney at Law
Curney, Garcia, Wise & Farmer, P.C.
411 Heimer Road
San Antonio, TX 78232-4854
(Counsel for Defendant/Cross-Plaintiff B & L Fernandez Trucking)

on this the 8th day of JANUARY, 2003.

NANCY L. MASSO
Assistant United States Attorney