IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CATARINO CHAVEZ ET AL, <br>     Plaintiff, | * <br> * <br> * |
| v. | *    Civil Action No. B-03-003 <br> * |
| PAUL H. GONZALEZ ET AL, <br>     Defendant, | * <br> * <br> * |
| B & L. FERNANDEZ TRUCKING, <br>     Cross-Plaintiff/Defendant, | * <br> * <br> * |
| v. | * <br> * |
| THE ESTATE OF CRISTOBAL RIVERA <br> AND THE <br> UNITED STATES OF AMERICA, <br>     Cross-Defendants. | * <br> * <br> * <br> * |

### UNITED STATES OF AMERICA'S ANSWER
### TO CROSS-PLAINTIFF'S FIRST AMENDED CROSS-ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, defendant herein, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, hereby files its answer to Cross-Plaintiff's First Amended Cross-Action. The United States answers the consecutively numbered paragraphs as follows:

1. The United States has insufficient information to admit or deny cross-plaintiff's assertion in paragraph 1 of the first amended cross-action. To the extent an answer is required, the United States denies the allegation in paragraph 1.

2. Deny. Rule 4(i) of the Federal Rules of Civil Procedure also requires that a copy of the summons and complaint be forwarded to the affected agency involved–in this case, the United States Border Patrol.

3. The United States admits the following: The drivers of the vehicles involved in the accident at issue were Cristobal Rivera and Paul Gonzalez. Cristobal was operating a Toyota Camry and Paul Gonzalez was operating a truck for B & L Fernandez Trucking. The accident at issue occurred on FM 511 in Cameron County, Texas. Cristobal Rivera was operating his vehicle at an unreasonably high rate of speed at the time it collided the vehicle being operated by Paul Gonzalez. Prior to the collision between Cristobal Rivera and Paul Gonzalez, a Border Patrol Agent employed by the United States arrived to assist with regard to a previous–and unrelated–motor vehicle accident at the same location. As part of this rendered assistance, the Border Patrol Agent directed traffic around the vehicles left in the roadway from the prior accident. Prior to the collision involving the Rivera and Gonzalez vehicles, the Border Patrol Agent, after checking for traffic and noting that the roadway was clear of traffic, indicated to Paul Gonzalez that he could enter the roadway and drive around the prior accident scene. Soon thereafter, Cristobal Rivera's vehicle–traveling at an unreasonably high rate of speed–appeared in the roadway and struck the vehicle being operated by Paul Gonzalez. Any factual allegations not responded to herein are denied. The United States contends that all fault lies with the driver Cristobal Rivera and not with the United States or any of its employees.

4a. Admit.

4b. Deny. All fault for this accident rests with Mr. Rivera.

### **AFFIRMATIVE DEFENSES**

In accordance with Rule 8(c) of the Federal Rules of Civil Procedure, the United States asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

It is affirmatively alleged that Cross-Plaintiff's petition fails to state a claim upon which relief can be granted. Rule 12(b)(6), FRCP.

## SECOND AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, it is affirmatively alleged that the injuries and/or damages alleged in the cross-plaintiff's petition were not proximately caused by a negligent or wrongful act or omission of an employee of the United States.

## THIRD AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, the United States contends that any and all injuries and damages allegedly suffered by the cross-plaintiff (and first party plaintiffs) were caused by Cristobal Rivera's's own negligence, acts and/or omissions.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, the United States contends that cross-plaintiff's injuries and damages, if any, are the result of the contributory negligence of plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Cross-plaintiff's recovery, if any, is reduced and/or barred by the applicable Texas common or statutory law governing comparative negligence.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that any of cross-plaintiff's injuries or damages alleged in its cross-action were proximately and/or solely caused by a third party, and not the United States, cross-plaintiff's claim for recovery is, therefore, reduced and/or barred accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over this Defendant because the Cross-Plaintiff has not properly served the United States. See Rule 4(i), FRCP, which requires service of the summons and complaint upon the United States Border Patrol.

WHEREFORE, cross-defendant, United States of America requests that Cross-plaintiff's cross-action be dismissed with prejudice, and that all relief requested be denied. The United States requests all other relief, both law and equity, to which it is entitled.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison, #201
Brownsville, TX 78520
(956) 548-2554 Fax (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing United States of America's Answer To Cross-Plaintiff's Cross-Action was mailed on this the 28th day of FEBRUARY, 2003 via Certified Mail, Return Receipt Requested to John M. Curney, Attorney at Law, 411 Heimer Road, San Antonio, TX 78232-4854 and J. Michael Moore, David J. Lumber, Attorney(s) at Law, 4201 N. McColl Road, McAllen, TX 78504.

NANCY L. MASSO
Assistant United States Attorney