IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**United States District Court**
**Southern District of Texas**
**FILED**

**JUN 0 8 2004**

**Michael N. Milby**
**Clerk of Court**

| | |
|---|---|
| CATARINO CHAVEZ and<br>MARIA DEL ROSARIO CHAVEZ,<br>Individually and as Representative of the<br>ESTATE OF MARCOS CHAVEZ,<br>Deceased,<br>　　　Plaintiffs,<br><br>vs.<br><br>PAUL H. GONZALEZ and<br>B & L. FERNANDEZ TRUCKING,<br>　　　Defendants,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　Third Party Defendant. | § § § § § § § § § § § § § § § § § § § § §<br><br>CIVIL ACTION NO. B-03-003 |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Catarino Chavez and Maria del Rosario Chavez, individually and as Representative of the Estate of Marcos Chavez, Deceased, Plaintiffs, complaining of and against Paul H. Gonzalez and B & L Fernandez Trucking, Defendants, and for cause of action would respectfully show to the Court as follows:

1.　Catarino Chavez and Maria del Rosario Chavez, are natural persons residing in Brownsville, Cameron County, Texas. Plaintiffs bring this action on behalf of all those entitled to bring this claim, for the benefit of all, pursuant to Tex. Civ. Prac. & Rem. Code ann. §§ 71.004(a), (b).

2.　Defendant Paul H. Gonzalez (hereinafter referred to as "Defendant Gonzalez") is an individual residing in Cameron County, Texas, and has already appeared and answered in

Plaintiffs' First Amended Complaint
(01-050) Page 1

this case.

3.    Defendant, L. Fernandez D/B/A B & L Fernandez Trucking, (hereinafter referred to as "Defendant Fernandez Trucking") is a sole proprietor, and has already appeared and answered in this case.

4.    Third Party Defendant United States of America has already appeared and answered in this case.

5.    Venue is permissible within the Southern District of Texas, because all or a substantial portion of the acts and/or omissions complained of occurred in this judicial district.

6.    When in this Complaint it is alleged that the Defendants Gonzalez and/or Fernandez Trucking committed any act or omission, it is meant that officers, agents, servants, employees or representatives of said Defendants committed such act or omission with the full authorization and/or ratification of said Defendants, and such act or omission was done in the normal and routine scope of employment by authorized officers, agents, servants, employees or representatives of said Defendants.

7.    On March 15, 2001, Marcos Chavez, deceased, was a passenger in a car driven by Cristobal Rivera in Brownsville, Texas.  Defendant Gonzalez was driving a tractor-trailer within the course and scope of his employment with Fernandez Trucking when he encountered an accident.  Defendant Gonzalez drove entirely into the oncoming lane of traffic to move around the existing accident.  Marcos Chavez and Cristobal Rivera struck the tractor-trailer driven by Defendant Gonzalez head-on, while the Fernandez Trucking tractor trailer was fully in the oncoming lane of traffic.  Said accident caused the death of Marcos Chavez.

8.    Plaintiffs allege that Defendants were negligent in each of the following particulars, which, alone or in combination, were direct and proximate causes of Plaintiffs' damages:

    a.    failure to maintain a proper lookout;

    b.    failure timely to apply the brakes to the vehicle;

    c.    failure to maintain the vehicle under proper control;

    d.    failure to maintain the vehicle in the right lane, or as much in the right lane as practicable under the circumstances;

    e.    failure to take evasive maneuvers when oncoming vehicles approached;

    f.    failure properly to train drivers concerning Texas traffic laws;

    g.    failure properly to train drivers concerning federal motor carrier regulations;

    h.    obeying the attempted traffic direction of a border patrol officer;

    i.    encroaching fully into the oncoming lane of traffic, when such encroachment was not necessary; and

    j.    failure to yield right of way to oncoming traffic.

Each and all of the foregoing acts and omissions of negligence were a direct and proximate cause of the Decedent Marcos Chavez' death, and of the Plaintiffs damages.

9.    Plaintiffs incorporate by reference the allegations of negligence herein stated. Plaintiffs assert that the above stated conduct constitutes negligence *per se,* pursuant to Tex. Transp. Code § 545, *et seq.*

10.    Plaintiffs Catarino Chavez and Maria del Rosario Chavez are the natural parents of Marcos Chavez. Plaintiffs, as representatives of the Estate of Marcos Chavez, bring this wrongful death claim on behalf of the Deceased pursuant to Tex. Civ. Prac. & Rem. Code Ann. §71.002 *et seq*. Plaintiffs assert that but for the wrongful actions of the Defendant

Gonzalez and/or Defendant Fernandez Trucking, Marcos Chavez would have survived and sustained a meaningful life for himself. He has been deprived prematurely of his lifetime rewards and benefits to himself and his family because of the Defendants' conduct, for which suit is now brought.

11.     Plaintiffs further assert that their allegations are actionable pursuant to the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code ann. §71.021 *et seq*.

12.     The Chavez family has been robbed of the love, affection and support of their son. Marcos Chavez met his untimely demise because of the negligence of Defendant Gonzalez and/or Defendant Fernandez Trucking. But for the Defendants' conduct, the Chavez family would still be able to enjoy Marcos Chavez' presence, love and affection.

13.     As a direct and proximate result of the negligent conduct of Defendants Gonzalez and Fernandez Trucking, The Estate of Marcos Chaves, Deceased, alleges these damages to which the Estate is entitled by law, more particularly described as follows:

    a.     The personal injury, physical pain, suffering and mental anguish suffered by Marcos Chavez prior to his death;

    b.     Loss of earning capacity; and

    c.     The reasonable and necessary funeral and burial expenses.

Said damages are within the jurisdictional limits of this Court.

14.     As a direct and proximate result of the negligent conduct of Defendants Gonzalez and Fernandez Trucking, Plaintiffs have suffered substantial injuries and damages to which they are entitled by law, as follows:

    a.     Past and probable future mental anguish;

    b.     Past and probable future loss of consortium; and

c.      Past Medical Bills.

Said damages are within the jurisdictional limits of this Court.

15.    No administration of the Estate of Marcos Chavez is pending, and none is necessary.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, and that upon final trial of this case, that Plaintiffs have judgment against the Defendants, jointly and severally, for actual damages, pre- and post-judgment interest on Plaintiffs recovery at the highest lawful rate, all costs of Court, and that Plaintiffs have such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**GUERRA & MOORE, LTD., L.L.P.**
4201 North McColl Rd.
McAllen, Texas 78504
Telephone No. (956) 618-3000
Telecopier No. (956) 686-4200

By: _____
      J. Michael Moore
      State Bar No. 14349550
      S.D. Tex Bar No. 16942
      David J. Lumber
      State Bar No. 24002504
      S.D. Tex Bar No. 22085

## CERTIFICATE OF SERVICE

I hereby certify that on the _7th_ day of _June_ , 2004, a true and correct copy of the above and foregoing instrument was forwarded via certified mail return receipt requested to the following:

John M. Curney, Jr.
CURNEY, GARCIA, WISE & FARMER, P.C.
411 Heimer Road
San Antonio, Texas  78232-4854

Nancy L. Masso
Assistant United States Attorney
600 E. Harrison St. #201
Brownsville, Texas  78520

David J. Lumber

Plaintiffs' First Amended Complaint
(01-050) Page 6